Let me say at the beginning that Justice Litton is assigned to this panel. He's unable to be here today because he will be listening to the recorded arguments and participating in the conferencing of the case and will be a part of the court hearing. Mr. Golfus, good afternoon. Good afternoon, Your Honor. May it please the Court, Demetri Golfus, Assistant Appellate Defender, on behalf of Michael McGriff, the defendant appellant. Your Honors, after a jury trial, Mr. McGriff was convicted of two counts of theft and one count of conspiracy to commit theft. The charges arose from a July 2, 2011 theft of a trailer filled with craft food products. We raised four issues on appeal. The State has confessed to error in issues 3 and 4, so we will not be addressing those today. In issue 1, we argue that Mr. McGriff was deprived of the effective assistance of counsel for counsel's failure to request and accomplish witness instruction with respect to Lance Radcliffe. In issue 2, we argue that Mr. McGriff is entitled to a new trial on the basis of cumulative error. Although both these issues merit the Court's attention, I will be focusing on the claim of ineffective assistance for effect court agrees that relief is warranted under that first issue. There is no need to address cumulative error. Really, this is a classic example of a case where an accomplished instruction should have been requested. It was professionally unreasonable for counsel not to request an accomplished instruction in this case. There really isn't any dispute that Lance Radcliffe was an accomplice. The indictment alleged that Lance Radcliffe conspired with Mr. McGriff to steal the trailer. It was the State's position at trial that Mr. Radcliffe was an accomplice. Mr. Radcliffe testified that he was involved in the theft, and the State concedes on appeal that he is an accomplice. And under the case law, particularly this Court's prior decision in Wheeler, because Mr. Radcliffe was an accomplice, Mr. McGriff was entitled to the accomplished instruction. The only issue that really arises in this case with respect to deficiency is whether it was a reasonable trial strategy not to request the instruction. That is the State's argument. It most certainly was not. Requesting the instruction was entirely consistent with the theory of the defense's case, which from the very beginning at opening statements, the theory of the case was Lance Radcliffe is a liar. He falsely accused Mr. McGriff. Lance Radcliffe committed this theft with his buddies without any involvement of Michael McGriff. I also want to note that the second district in Davis has stated that strategic reasons for not requesting the accomplished instruction has eluded the courts, and additionally that the committee comment to IPI instruction 3.17 specifically states and warns counsel that the appellate court has found counsel to be ineffective for failing to request an accomplished instruction when their client is entitled to it. So for these reasons, we submit that it was professionally unreasonable for counsel not to request the instruction and that it was not a reasonable trial strategy to fail to do so. With regard to prejudice, it's well established we have to establish prejudice under Strickland, which is a reasonable probability that but-for counsel's deficient performance, the results of the trial would have been different. In Wheeler, this court, addressing this prejudice in this context, stated that where the evidence is closely balanced and the state's case rests upon the credibility of the accomplished witness, you've demonstrated prejudice sufficient to establish prejudice under Strickland. That's exactly what we have here. Without Mr. Radcliffe, the state didn't have a case. You have Officer Lanier's essentially admitting that at trial. He said multiple times that unless Mr. Radcliffe came forward, Mr. McGriff wouldn't have even been a suspect. Mr. Radcliffe was the only person at trial who identified Mr. McGriff as a thief. Additionally, when you look at the surveillance tapes, you can't identify Mr. McGriff in there. You also can't identify Mr. McGriff's truck as a truck on the videotapes. It's worth noting that in addition to Mr. McGriff's truck, there were also other trucks that would enter that facility on a daily, weekly basis that were specifically Sunco Trucks, a company that Mr. McGriff worked for, and also trucks manufactured by International, which is the same manufacturer as Mr. McGriff's truck. Additionally, none of the stolen items were ever found to be in Mr. McGriff's possession, and no proceeds from those stolen items were ever found to be in Mr. McGriff's possession. And that's really almost $2,000 worth of candy that was stolen. And $200,000 was not found to be in Mr. McGriff's possession at any point. Finally, I'd also note that aside from what Mr. Radcliffe said Mr. McGriff told him, there were no statements of Mr. McGriff that were introduced into evidence. There was no confession. There weren't any conflicting statements. And I think when you compare this case to Wheeler, this case actually presents a much stronger case for a new trial than in Wheeler. In Wheeler you have, in addition to the accomplice witness testimony, you have the defendant making incriminating statements to another inmate in jail. He essentially admitted to shooting the victim in a dispute in a car involving a drug dealer, which is exactly what was going on in that case. You also have the defendants saying to the inmate statements about him wanting to pay off a witness. You also have the defendants telling the police inconsistent stories about what he did on the day of the murder. So I think when you look at Wheeler and you compare that to this case, Wheeler is a very compelling case to justify remand for a new trial in this case. And it's your opinion that looking at the issue of ineffective assistance wouldn't require us to go outside of the record, and looking at the issue of trial strategy, that we wouldn't have to examine anything outside of the record? No, I don't think there would be anything outside of the record that would show it would be trial strategy. I don't think it's respectfully in this court's province to look outside of the record. The reason I ask, during this call, there's been quite a bit of discussion among our colleagues about whether this is something that should wait until the PC stage, because typically ineffective assistance requires looking at things that are outside of the record. I just wanted to discuss that with counsel, with your opposing counsel as well, about what is necessary. I know you discussed the Davis case, and I think, I don't know if that case speaks directly about whether it's appropriate on direct appeal or should wait until PC, but I know it does talk about not having to do a lot of investigation to see that not giving this instruction is, there's no reason not to ask. Based on what you just said, I think now I better understand where you're coming from, and I absolutely don't think you need to look outside the record. I think when you look at what happened in this trial, you look at the opening statements, you look at the questions posed by defense counsel, to Mr. Radcliffe, and you look at closing statements, it's very, very clear that their strategy was, Mr. Radcliffe's a liar, and he's falsely accusing Mr. McGriff. Mr. McGriff had no involvement in this. And I don't think you need anything more than that to say that it would have been entirely reasonable to request the instruction. There's no strategic reason not to. There's nothing in the instruction that suggests by requesting it that that implicitly says that Mr. McGriff is involved. The wording of the instruction just doesn't even go there. I want to note that the state in this brief doesn't contest that this case is closely balanced. It doesn't contest that your case rested on the credibility of Mr. Radcliffe. Their only argument with regards to prejudice is that because you have the trial attorneys in the court essentially simply telling the jury that you're to assess the credibility of Mr. Radcliffe as a witness, that alone is sufficient to cure prejudice. This court in Wheeler expressly rejected that same argument. And it emphasized, it made a point in saying that the accomplice witness instruction goes far beyond the general instruction regarding witness credibility. And does that really make sense? Telling a jury that Mr. Radcliffe's testimony is subject to suspicion and you should consider it with caution, you should consider it carefully, goes far beyond simply telling the jury you're to evaluate his credibility. And I think having a judge say that from the standpoint of a jury instructing you, this person is subject to suspicion of what they said, I think that's very, very powerful, as opposed to just saying you have to discern what his credibility is. Finally, the state cites three cases from the first district for what it believes is a proposition that when you give the general credibility instruction that that's sufficient to cure prejudice. That's not true, as obviously depicted in Wheeler. Those three cases are distinguishable from Wheeler and also this case, because in those cases the evidence was not closely balanced, and the state's case did not rest upon the credibility of the accomplice witness. So for those reasons, we submit that there was prejudice under Strickland pursuant to Wheeler, that Wheeler really controls this case.  And find that Mr. McGriff's trial attorneys were ineffective for not requesting the accomplice instruction. Unless there's any further questions, we request that you reverse the remand to a new trial. Thank you. Thank you, Mr. McAuliffe. Mr. Oswald. Good afternoon. Good afternoon. May it please the Court, counsel. The defendant in his first issue argues that the trial attorneys were ineffective where they did not enter an accomplice witness instruction. In our brief, the people acknowledged that under the test outlined by our Supreme Court, Lance Ratcliffe, the people's key witness, was an accomplice to the crimes charged in this case. But the fact that Ratcliffe was an accomplice does not show that the defendant's two attorneys had been ineffective where they did not tender the accomplice witness instruction. Prosecutors and defense attorneys both brought out a trial that in exchange for his testimony, Ratcliffe would not be charged in this case. Prosecutor and defense attorneys proved and argued that Ratcliffe had been giving conflicting statements to the police. And the prosecution argued to the jury that Ratcliffe was a co-conspirator and that it was the jury's duty to determine whether Ratcliffe was credible. And they even went so far as to say they didn't believe that he was particularly believable, that the jury may find that he was not particularly believable. And defense attorneys argued in closing that the defendant was not involved in this crime. And defense counsel repeatedly stated to the jury over and over in various ways that Ratcliffe was a liar and that he was out to save himself from prosecution for the same crime. And in addition, pattern jury instructions 1.02, 3.06-3.07, and 3.11 were all given to the jury. And these are witness credibility instructions. In our brief, we of course cited the authority that counsel spoke about, holding that giving these other instructions is sufficient if the accomplice witness instruction is not given. And of course, it all centers on the facts of the individual cases. Some cases will go one way, some cases will go another in the holding, depending on the facts of those particular cases. And even if the defense strategy in this case, not the tender the accomplice witness instruction, could be considered error, it did not prejudice the defendant, and it was harmless error. Because in this case, there's no reasonable probability that the result of the trial would have been different had the accomplice witness instruction been given. Therefore, a defendant was not prejudiced by the strategy to not tender the instruction, and defendants attorneys were not ineffective. And of course, Justice O'Brien, you mentioned going outside the record in the sense of holding a hearing on, like dealing with a post-conviction, or actually having a hearing on the ineffectiveness so that we could bring out, potentially at a stage three hearing on a post-conviction, what the strategy was and such. And the people believe it's fairly clear that they were saying that the defendant in this case was completely innocent. So we believe that if they gave that instruction, the accomplice witness instruction, they could potentially put in the juror's mind that Ratcliffe was involved in the case, and he was an accomplice with defendant. It may be a little bit of a stretch, but jurors often take things that we don't expect them to do and own them in ways that we don't expect them to. So if they gave that instruction, potentially one or more jurors would have said, hmm, Ratcliffe was in it with defendant. So we don't believe that it was ineffective assistance or that defendant was prejudiced by not giving the instruction. The people standing on the brief are all of their argument, and we ask this court to affirm the defendant's convictions. Okay. Any questions? Thank you, Mr. Constable. Thank you. Mr. Goff, is there any rebuttal? Mr. Goff. Just to note, getting back to what Justice O'Brien was discussing earlier about going outside the record, I want to note that Wheeler was a direct appeal. It was not a PC. And additionally, again, just emphasizing that in Wheeler this court rejected all the arguments that the state just made. And I'd also note that the state does not address Wheeler in their brief or hear that. So again, we'd ask that you reverse your amendment for your trial. Thank you. Thank you. We thank both of you for your arguments this afternoon. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will now stand in brief recess for a moment.